[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10736

Non-Argument Calendar

_____

MICHAEL DAVID TAYLOR,

                                                        Plaintiff-Appellant,

*versus*

OFFICER ANDREW J. KUNCAS,

                                                        Defendant- Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-20864-DPG

_____

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Taylor appeals the district court's grant of summary judgment in his 42 U.S.C. § 1983 action against a police officer. He argues that the officer, Andrew Kuncas, lacked arguable reasonable suspicion to detain Taylor and arguable probable cause to arrest him. Taylor also argues that the district court abused its discretion when it denied his Fed. R. Civ. Pro. 60(b) motion for relief from the judgment.

## I.

We review a district court's grant of summary judgment *de novo*, viewing all the evidence and drawing all reasonable inferences in favor of the plaintiff. *Fish v. Brown*, 838 F.3d 1153, 1156-57 (11th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

A brief, investigatory stop does not violate the Fourth Amendment "when the officer has a reasonable, articulable suspicion" that the person has committed or is about to commit a crime. *Jackson v. Sauls*, 206 F.3d 1156, 1165 (11th Cir. 2000). Arrests must be based on probable cause. *Miller v. Harget*, 458 F.3d 1251, 1259 (11th Cir. 2006). "Probable cause exists when the facts and circumstances within the officers' knowledge . . . would cause a prudent person to believe, under the circumstances shown, that the suspect

has committed, is committing, or is about to commit an offense." *Id*. (quotation marks omitted).

Qualified immunity shields government officials performing discretionary functions from liability for civil damages in § 1983 actions so long "as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Jackson*, 206 F.3d at 1164.

In the context of an allegedly unconstitutional arrest, an officer is entitled to qualified immunity if, based on the totality of the circumstances, the officer had arguable probable cause to make the arrest. *Fish*, 838 F.3d at 1167. Arguable probable cause is a lower standard than actual probable cause, and only requires that "under all of the facts and circumstances, an officer reasonably could—not necessarily would—have believed that probable cause was present." *Id*. Likewise, when an officer asserts qualified immunity in the context of an allegedly unconstitutional investigatory stop, "the issue is not whether reasonable suspicion existed in fact, but whether the officer had arguable reasonable suspicion to support an investigatory stop." *Jackson*, 206 F.3d at 1166 (quotation marks omitted).

In this case, Officer Kuncas moved for summary judgment and supported same with a Statement of Material Facts. Taylor filed a response to the motion for summary judgment, but he did not file a competing Statement of Material Facts or any evidence to support his allegations and assertions. Pursuant to Southern

District of Florida Local Rule 56.1(a)(2),[1] the district court deemed admitted the facts in Kuncas's Statement of Material Facts and based its ruling on those undisputed facts. *See* S.D. Fla. R. 56.1(c) ("All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) any exception under Fed. R. Civ. P. 56 does not apply.").

The district court noted that Kuncas was dispatched following a 911 call from a citizen advising that a man was walking on a bridge carrying a flag and a gun. When Kuncas arrived at the bridge, he observed Taylor still walking on the bridge carrying a flag saying "Don't Tread on Me," an AR-15 rifle, a Glock pistol in a holster on his hip, and a fishing pole, but with no bucket, bait, fishing knife, net, or other equipment commonly used by fishermen. The area was marked with "No Fishing" signs.

The district court acknowledged that although it was unlawful to openly carry weapons, there was an exception for a person engaged in fishing or hunting or going to or returning therefrom. The district court concluded:

---

[1] "An opponent's Statement of Material Facts shall clearly challenge any purportedly material fact asserted by the movant that the opponent contends is genuinely in dispute. An opponent's Statement of Material Facts also may thereafter assert additional material facts that the opponent contends serve to defeat the motion for summary judgment." S.D. Fla. R. 56.1(a)(2).

> Officer Kuncas had no reasonable basis to believe that Plaintiff was fishing; nor was it apparent that Plaintiff was going to or coming from a fishing expedition. Rather, Plaintiff was seemingly making a political statement—parading his political flag and brandishing his fishing pole and weapon as props. Prior to his arrest. Plaintiff also refused to identify himself to Officer Kuncas or present his fishing license.

Dist. Ct. Order, Doc. 33 at 5.  Accordingly, the district court held that the fishing exception was not applicable and held that Officer Kuncas had reasonable suspicion to detain Taylor for an investigatory stop, and also held that the officer had probable cause to arrest Taylor.  Alternatively, the district court also held that Officer Kuncas was entitled to qualified immunity (i.e. that he had at least arguable reasonable suspicion to detain Taylor and arguable probable cause to arrest him).

We agree with the district court that Officer Kuncas is entitled to qualified immunity.  For the same reasons that persuaded the district court, we agree that Officer Kuncas had at least arguable reasonable suspicion to detain Taylor for an investigatory stop.  It was absolutely clear that Taylor was not fishing, and there was at least arguable reasonable suspicion that Taylor was not either coming from or going to a fishing location.  And we agree with the district court that, when Taylor refused to provide a fishing license, the officer had at least arguable probable cause to arrest Taylor.

## II.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

A district court may relieve a party from a final judgment where there has been mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). The moving party must show that his mistake or neglect would affect the outcome. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

The district court did not abuse its discretion in denying Taylor's post judgment motion. We agree with the district court that Taylor did not show good reason for his failure to follow the local rules. Moreover, even if we considered Taylor's belatedly filed Statement of Material Facts (filed with his Rule 60(b) motion), we cannot conclude that Taylor has shown a likelihood of a different outcome.

**AFFIRMED.**